Vignette Realty Corp., Petitioner, v Wakeem Widdi et al., Respondents.

Civil Court of the City of New York, Kings County, February 17, 1989

APPEARANCES OF COUNSEL

*Frederick Douglass* for petitioner. *Wakeem Widdi* and *Cosmo Guarriello,* respondents *pro se.*

OPINION OF THE COURT

Theodore Diamond, J.

The issue here is whether tenant and/or subtenant did not comply with six paragraphs of a notice to cure allegedly based on lease and/or sublease violations.

We have interesting name problems regarding landlord and subtenant. The lease and petition identify landlord as "Vignette Realty Corp."; but the belated Allcity Insurance contract identified it as "Vignetti Realty Co."; even the new binder identified the additional insured as "Vignette Realty Co.". The petition names subtenant as "King of Soho, Inc."; but the

sublease is to "King of Soho", and the signatures on it do not reflect connection with a corporation. The sign on the store is "Fulton Emporium"; the Allcity policy was to "Cosmo Guarriello dba Fulton Emporium", as was the new binder.

The major issue involves tenant/subtenant's failure to furnish adequate liability insurance since commencement of the lease (spring 1987) and sublease (summer 1987). This is a critical issue because proper insurance not only protects the landlord, but also members of the public! Moreover, Widdi (tenant-sublessor) is also entitled to protection under the sublease. As it is now, anyone injured on the premises might sue Vignette Realty Corp., Wakeem Widdi, King of Soho, Fulton Emporium and Cosmo Guarriello. All have a responsibility for the property.

Failure to comply with a lease provision requiring tenants to get fire insurance breaches a material condition of the lease (74 NY Jur 2d, Landlord and Tenant, § 781; 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 21:1 *et seq.* [3d ed]). The reason for the rule: "where, as here, the tenant has virtually provoked the cancellation by ignoring the landlord's legitimate demands, it may not call upon a court of equity for assistance by complaining that the consequences of cancellation are severe" *(Brainerd Mfg. Co. v Dewey Garden Lanes,* 78 AD2d 365, 367-368 [4th Dept 1981]), applies as much to liability insurance.

After all this time, I rule that a mere binder does not satisfy lease clause 39 (insurance). Even if tenant and/or subtenant got a new insurance policy, to cover prospective claims, it would be inadequate. The lease has a "no waiver" clause, and landlord is entitled to protection for incidents occurring any time after March 10, 1987, the first day of the lease. A new prospective policy would not give landlord what he is entitled to. Tenant and subtenant might surrender their possession, disappear, go bankrupt, etc., in 1991, and landlord may receive process on July 1, 1991 for an incident occurring after July 1, 1988. It may be that tenant/subtenant could purchase retroactive insurance (especially if there have been no accidents or claims), but until they prove they have done so, they have materially breached the lease and sublease.

Judgment of possession to petitioner, warrant to issue forthwith, execution stayed to March 3, 1989.

[Portions of opinion omitted for purposes of publication.]